1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10

11    RAMELLO RANDLE,

12            Plaintiff,

13       v.

14    KERN VALLEY STATE PRISON, *et al.*,

15            Defendants.

16

17

18

Case No.  1:25-cv-00060-BAM (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED

(ECF No. 2)

**FOURTEEN (14) DAY DEADLINE**

19       Plaintiff Ramello Randle ("Plaintiff") is a state prisoner proceeding *pro se* in this civil

20 rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on December 20, 2024,

21 together with a motion to proceed *in forma pauperis* in the United States District Court for the

22 Southern District of California.  (ECF Nos. 1, 2.)  The case was transferred to the Eastern District

23 of California on January 10, 2025.  (ECF No. 3.)

24       Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a

25 prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior

26 occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

27 the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

28 a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

1

physical injury."[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007). In the complaint, Plaintiff alleges that he was transferred to Kern Valley State Prison on November 13, 2024, where he was advised that because of the crime he was charged with he would be placed on closed custody for 5 years, taking away his family visits. Plaintiff alleges that this is cruel and unusual punishment in violation of the Eighth Amendment and violates his right of association under the First Amendment. Plaintiff also alleges that he is being discriminated against because there are dozens of other prisoners with similar charges as him who are not placed on closed custody and get family visits. (ECF No. 1.)

Based on the allegations in the complaint, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed. Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $405.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ORDERED to pay the $405.00 initial filing fee in full to proceed with this action.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Randle v. Contra Costa Cty. Sheriff's Dept.*, Case No. 3:23-cv-05456-JSC (N.D. Cal.) (dismissed on April 22, 2024 for failure to file an amended complaint following a screening order dismissing complaint for failure to state a claim); (2) *Randle v. Contra Costa Cty. Conflicts Panel*, Case No. 3:24-cv-00323-JSC (N.D. Cal.) (dismissed on May 28, 2024 for failure to state a claim); (3) *Randle v. Contra Costa Cty. Sheriff's Dept.*, Case No. 3:24-cv-02099-JSC (N.D. Cal.) (dismissed on July 23, 2024 for failure to file an amended complaint following a screening order dismissing complaint for failure to state a claim).

**fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by CM/ECF document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 14, 2025**            ___/s/ *Barbara A. McAuliffe*___
                                          UNITED STATES MAGISTRATE JUDGE